# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

TIMOTHY DEAN BEST,

             Plaintiff,

  v.                   1:14-CV-968
                       (DNH/ATB)

VILLAGE OF ELLENVILLE, et al.,

             Defendants.

TIMOTHY DEAN BEST, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint, transferred from the Eastern District of New York, filed by pro se plaintiff Timothy Dean Best. (Dkt. No. 1 & Text Order of July 29, 2014). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal of the complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

**I. IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaint</u>

In this case, plaintiff alleges that on August 18, 2012, at approximately 4:30 p.m., Village of Ellenville Policemen Donald D. Langlois and "two other unidentifiable Officers" used excessive force against plaintiff in violation of his Constitutional Rights. (Compl. at CM/ECF p.2) (Dkt. No. 1). Plaintiff alleges that this incident took place at the apartment of Lisa Jennings. (*Id.*) Plaintiff states that he visited Ms. Jennings that afternoon in order to bring her food for the week. However, while he was at Ms. Jennings's apartment, plaintiff had an argument with Ms. Jennings's brother Louis Jennings. Plaintiff states that the Ellenville Police were called, and plaintiff was asked to leave the premises.

Plaintiff claims that while he was walking away from the building, he remembered that he had left his bicycle on the side of the building. When he went to retrieve his bicycle, "one of the Officers" grabbed him, and "there were [sic] beating on my head and body coming from every angle." (*Id.*) Plaintiff states that the officers did not give him time to explain why he was returning to the apartment. Plaintiff further alleges that after he was handcuffed and bent over the hood of one of the officers' cars, "one of the Officers came around and begins [sic] to [spray] chemical agent on my entire face and eyes, while saying, yeah." (*Id.*) Plaintiff also claims that he was thrown harshly into the back seat of the police car, and he was not warned of his right to remain silent or his right to counsel at the scene or later at the police station, which "affected [his] case." (*Id.* at 2, 3).

Plaintiff states that as a result of the incident he has a permanent scar on the back of his head, a permanent scar on his "mind," and from time to time, he experiences

blurred vision. (*Id.* at 3). Plaintiff seeks substantial monetary relief. (*Id.*)

## III. <u>Village of Ellenville Police Department</u>

### A. Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (dismissing claim against the police department); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (same); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31 (S.D.N.Y. 1997) (dismissing case against the County Board of Ethics); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing against police department). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id*. *See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B. Application

In this case, plaintiff has named both the Village of Ellenville and the Village of Ellenville Police Department "and their employees." As stated above, the Police Department is merely an administrative arm of the Village and may not be sued separately from the Village of Ellenville. Thus, the Village of Ellenville must be dismissed as a separate defendant in this action. The court will proceed to consider whether plaintiff has stated a cause of action as against the Village itself.

4

## IV. Municipal Liability/Personal Involvement

### A. Legal Standards

#### 1. Municipal Liability

A municipality itself, however, may be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), *Rep't Rec. adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

5

### 2. Personal Involvement

Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

### 3. *Heck v. Humphrey*

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

## B. Application

In this case, plaintiff has named only the Village of Ellenville and the Ellenville Police Department as defendants in the caption of the complaint. As stated above, plaintiff may not name the Police Department as a defendant. In the body of the complaint he states that Village of Ellenville Police Officers Donald D. Langlois and two other unidentified officers generally used excessive force on plaintiff. (Compl. at 1, 2). Plaintiff does not identify any officers specifically in the paragraph in which the facts are detailed.

As the complaint stands, although plaintiff states a general claim for the use of excessive force, he does not include any allegations of custom or policy sufficient to name the municipality as a defendant, nor does plaintiff name any defendants who were

6

responsible for the alleged excessive force violation.[1]  There is not enough factual material for the court to reasonably infer that the officers' alleged misconduct was the result of anything other that the acts of individual officers.  However, no individual officers are named in the caption of the complaint.  Although plaintiff includes the name of one of the officers in the body of the complaint, the court cannot assume that plaintiff meant to name this officer as a defendant.

The court understands that plaintiff may not know the names of the other police officers who allegedly assaulted him.  However, if he is able to name one of the officers, he may obtain discovery from that defendant in order to identify the other individuals.  He may also name the Village of Ellenville if he believes and articulates that there was a custom or policy of denying individuals their constitutional rights or that the individual officers' superiors were aware of or condoned their officers' actions.  Plaintiff cannot generally name the Police Department's "employees" because there must be some specific allegations against specific individuals.

In addition to the excessive force claim, plaintiff alleges that he was deprived of his "Rights" to be warned of his right to remain silent and of his right to counsel.  (Compl. at 1).  Plaintiff vaguely claims that this failure, by unknown defendants "affected his case." (*Id.* at 3).  Plaintiff's claim is completely unclear.  First, plaintiff does not name any specific officer who may have been involved in this alleged

---

[1] The court notes that plaintiff states that Officer Langlois was one of the officers who "went beyond the scope of [his] authority," but when he discussed the use of excessive force, he states that "one of the Officers" grabbed plaintiff.  He did not specify that it was Officer Langlois.  Thus, this court must recommend that plaintiff be allowed to amend his complaint to allege the use of excessive force more specifically as against individuals who were responsible, even if they were responsible for failure to intervene.

7

violation. Plaintiff also does not indicate that he was charged with, or convicted of, any particular crime. If he was convicted of some crime as the result of his arrest, and he now claims that the failure to be warned of his rights somehow affected his criminal conviction,[2] *Heck* would prevent plaintiff from obtaining any ruling on the alleged violation unless the case was dismissed, overturned, or called into question by a federal habeas corpus proceeding. Plaintiff's claim is too vague to allow it to proceed at this time.

## V. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

As it stands, the complaint is vague and may not proceed at this time. Any claim against the Village of Ellenville Police Department may be dismissed with prejudice because it would be futile to attempt to amend against an entity that is not subject to suit. However, plaintiff should be given the opportunity to amend his claims, including the claim of excessive force by adding individual defendant Langlois (and any "John Doe" defendants to be identified at a later date) and as against the Village of Ellenville to the extent that plaintiff can claim that the treatment he received was based upon a

---

[2] There is no indication that plaintiff confessed or otherwise made incriminating statements based upon the fact that he was not warned of his right to remain silent or his right to counsel.

custom or policy of the Village.

The claims regarding the warnings about plaintiff's right to remain silent or his right to counsel are so vague that the court cannot determine whether any amendment would be futile because it is impossible to determine what plaintiff might be trying to say or who was involved in this alleged violation and how it "affected" his case. Based on the liberality with which pro se complaints are treated, this court will recommend dismissing this claim without prejudice as well.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**,[3] and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** as to defendant **VILLAGE OF ELLENVILLE POLICE DEPARTMENT**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE**, as to the **VILLAGE OF ELLENVILLE**, and it is

**RECOMMENDED**, that if the District court approves this Recommendation, plaintiff be given **forty-five (45) days** from the date of the District court's order approving the Recommendation within which to submit for review an amended complaint that complies with the recommendation above, including an amendment to include the name of any officer or officers that plaintiff believes was (were) responsible

---

[3] The court notes that although plaintiff's application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

for the use of excessive force or the failure to warn him of his rights,[4] and it is

**RECOMMENDED**, that if the District Court approves this Report, and plaintiff thereafter timely files a proposed amended complaint, the Clerk send the proposed amended complaint to me for review, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: August 6, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[4] This court makes no finding regarding the ultimate merit or viability of any claim made by plaintiff.