**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TIMOTHY DEAN BEST,

                              Plaintiff,

      v.                                           1:14-CV-968
                                                           (DNH/ATB)

VILLAGE OF ELLENVILLE, et al.,

                              Defendants.

---

TIMOTHY DEAN BEST, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent me a proposed amended complaint, filed by plaintiff in the above case. (Dkt. No. 9). Plaintiff has filed this proposed amended complaint in compliance with Judge Hurd's September 3, 2014 order, approving my August 6, 2014 Order and Report-Recommendation ("ORR"). (Dkt. Nos. 6, 7).

### I. Procedural History

Plaintiff filed his original complaint in the Eastern District of New York on April 16, 2014. (Dkt. No. 1). The case was transferred to the Northern District of New York on July 29, 2014 and sent to me for my review of the complaint together with plaintiff's motion to proceed in forma pauperis ("IFP"). The only defendants named in plaintiff's complaint were the Village of Ellenville Police Department and the Village of Ellenville. (Dkt. No. 1). In the original complaint, plaintiff alleged that he was the victim of excessive force by Donald Langlois and unknown police officers. (Dkt. No. 1

at 2). Plaintiff also claimed, generally, that "the Village of Ellenville Policemen" failed to tell plaintiff that he had the right to remain silent and the right to counsel. (*Id.* at 3). However, plaintiff did not name Officer Langlois as a defendant and made no allegations that would establish municipal liability.

In my ORR, I recommended dismissing the Village of Ellenville Police Department *with* prejudice, but recommended dismissing the Village of Ellenville *without* prejudice. (Dkt. No. 6 at 9-10). I recommended giving plaintiff the opportunity to amend his complaint, adding Donald Langlois as a defendant, if appropriate; making any allegations that would tend to establish municipal liability; and asserting any further personal involvement of the individual John Doe defendants, who might be added after discovery. (*Id.*) Additionally, to the extent that a decision in plaintiff's favor would affect his resulting criminal conviction, in order for the court to consider his Fifth and Sixth Amendment claims,[1] plaintiff would have to establish that his criminal conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Heck v. Humphrey*, 512 U.S. 477 (1994).

On October 20, 2014, plaintiff submitted his proposed amended complaint ("AC"). (Dkt. No. 9). The court first notes that plaintiff has failed to update his

---

[1] The complaint contained claims that plaintiff's Fifth and Sixth Amendment rights were violated when the defendants failed to explain to plaintiff that he had the right to remain silent and the right to counsel. It was unclear from the original complaint what had happened after the incident, whether plaintiff made any statements to the police, and whether there was a subsequent criminal conviction.

2

address.[2] However, he has now properly removed the Village of Ellenville Police Department as a defendant and has added Officer Donald Langlois, individually, as a defendant, with two "John Doe Officers to be name[ed] during discovery." (AC at 1).

## II. Facts

Most of the facts in the amended complaint are identical to the original. It appears that plaintiff has expanded the description of the incident in an effort to comply with the court's order, and he has attached two exhibits to the amended complaint as discussed below.

Plaintiff states that on August 18, 2012 at approximately 4:30 p.m., he visited Lisa Jennings at her apartment to bring her food for the week. (AC at 2). Moments after plaintiff entered the apartment, Louis Jennings, Ms. Jennings's brother, began to argue with plaintiff. Someone called the Village of Ellenville Police, and plaintiff was asked to leave the apartment. (*Id.*) Plaintiff states that as he was walking away, he realized that he left his bicycle "on the side of the apartment," and as he walked back to retrieve his bicycle, one of the "John Doe"[3] officers "grabbed . . . me," started pulling on me and the[y] were beating on my head and body, coming from each officer[] and every angle." (*Id.*) Plaintiff also claims that once he was handcuffed and lying over the hood of one of the police cars, "one of the John Doe Officers," sprayed a chemical agent on plaintiff's face and in his eyes, "while yelling . . . yeah." (*Id.*) (ellipsis in

---

[2] The address on plaintiff's amended complaint is in North Carolina. On May 19, 2014, he submitted a "temporary change of address," listing an address in Woodbourne, New York. (Dkt. No. 4) (Notice of Temporary Change of Address dated May 19, 2014). However, it appears that plaintiff has returned to North Carolina, and the Clerk shall update plaintiff's address accordingly.

[3] Plaintiff refers to these officers as "John Doe Officer[s], to be named in discovery." (AC at 9).

3

original).

Plaintiff alleges that he was taken to the Village of Ellenville Police Station, where he made "certain statements" without being read his rights. Plaintiff's "Court-appointed" lawyer later determined that those statements "hurt" plaintiff's case. (*Id.*) Plaintiff was apparently charged with resisting arrest and disorderly conduct. Plaintiff has attached the criminal information for each charge as an exhibit to his complaint.[4] (Pl.'s Exs. A & B). Each information is signed by defendant Langlois. (*Id.*)

Plaintiff alleges that in one of the exhibits, defendant Langlois "admits" that force and a chemical agent were used, but that the defendant "failed to mention" that plaintiff was already handcuffed at the time. (AC at 3). Plaintiff states that the Village of Ellenville "failed to properly train their employee to protect and serve the public and private sect [sic]." (*Id.*) Plaintiff claims that the officers never gave him time to explain why he was returning to the apartment, and that the same officers "weeks later" were caught selling drugs. (*Id.*) Plaintiff states, as he did in the original complaint, that he has a permanent scar on his head and "on his mind," together with "burr"[5] vision in both eyes "from time to time." (*Id.*) The court will now review the amended complaint for sufficiency.

## III. Standard of Review

The court will repeat the standard of review for sua sponte dismissal of claims

---

[4] The facts as stated in each criminal information are quite different from the facts stated by plaintiff in his complaint. (AC, Pl.'s Exs. A & B). The information charging disorderly conduct referred to plaintiff as "intoxicated," and stated that he was yelling obscenities during a verbal altercation with the tenants of the apartment and that he continued to yell obscenities after he was warned several times by officers that he needed to leave the premises. (Pl.'s Ex. A at 2).

[5] The court assumes that plaintiff means "blurred" vision in both eyes.

4

brought by pro se plaintiffs who are proceeding IFP. The court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555).

IV. **Personal Involvement**

    A. **Legal Standard**

Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

    B. **Application**

Plaintiff has now added Donald Langlois as a defendant and has alleged that this defendant was personally involved with two other "John Doe" defendants in the excessive force that he claims was used against him. Plaintiff has submitted the criminal informations that were filed against him, both signed by Donald Langlois, supporting for purposes of the initial review plaintiff's claim that this defendant was present during plaintiff's arrest. Thus, the complaint may continue against defendant Langlois at this time.[6]

Plaintiff now states that there were two "John Doe" police officers involved in the excessive force incident. The Marshal cannot serve "John Doe" defendants. Plaintiff must attempt to identify the two "John Doe" defendants so the complaint may also be served upon them. When the complaint is served against defendant Langlois, and a defense attorney has appeared, the plaintiff may engage in discovery to determine the identities of the other two officers.

---

[6] The court makes absolutely no finding regarding the merits of any such claims against this defendant.

V. **Municipal Liability**

   A. **Legal Standards**

Plaintiff has listed the Village of Ellenville as a defendant. A municipality may be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 452 (2010)), *Rep't Rec. adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; and it must be the moving force behind the violation. *Id*. *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989). To satisfy this standard, the municipality's failure to train must amount to "deliberate indifference" to the rights of

7

the individuals with whom the untrained employees come into contact. *Connick*, 131 S. Ct. at 1359.

B.  **Application**

In an attempt to hold the Village liable, plaintiff has added a sentence to his original complaint. (AC at 3). After stating that defendant Langlois admitted[7] using force and a chemical agent, while allegedly "failing to mention" that plaintiff was already handcuffed at the time, plaintiff states that "[t]he Village of Ellenville failed to properly train their employee to protect and serve the public and private sect [sic]." (*Id.*) Plaintiff makes this conclusory statement with no factual support. The fact that defendants may have participated in a use of force, whether properly or improperly, does not necessarily support a finding that the Village failed to train them. "A *Monell* claim based on failure to train 'cannot be grounded solely on the conclusory allegations of the plaintiff.'" *Hendrix v. City of New York*, No. 12-CV-5011, 2013 WL 6835168, at *7 (E.D.N.Y. Dec. 20, 2013) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 539 (S.D.N.Y. 2012) (granting motion to dismiss where plaintiff merely alleged a failure to train municipal employees without providing any supporting factual detail about alleged deficiencies in training program or regarding other instances of police misconduct which could be attributed to a failure to train)[8]).

---

[7] This "admission" is contained in the criminal information attached to the amended complaint. (Pl.'s Ex. A).

[8] Plaintiff does allege that the "same Officers weeks later, were caught with selling drugs, it was reported in the news." (AC at 3). This is not the type of misconduct to which the cases are referring. Whether plaintiff's allegation about the drugs is true or not, this fact would not be related to training for the use of force while in the course of an arrest. The court also wonders how plaintiff would know

8

In *Bastuk v. County of Monroe*, No. 12-CV-6154, 2013 WL 6902517, at *4 (W.D.N.Y. Nov. 19, 2013), the court found that a "pattern" of similar constitutional violations by untrained employees is ordinarily necessary to find the required "deliberate indifference" for purposes of failure to train. (citing *Connick*, 131 S. Ct. at 1360). The concurring Justices in *Connick* pointed out that, without the requirement of a "pattern" of similar conduct, the "'failure to train' would become a talismanic incantation producing municipal liability '[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee.'" 131 S. Ct. at 1367 (citing *City of Canton*, 489 U.S. at 392).

The court in *Bastuk* noted that while the Supreme Court has left open the possibility that a single incident could give rise to a failure to train case, it would only be possible in a "narrow range of circumstances" where the "unconstitutional consequences" of failure to train were "patently obvious." *Id.* (quoting *Connick*, 131 S. Ct. at 131). The court in *Bastuk* dismissed the municipal liability claim based on the "threadbare" recital of the claim. *Id.* Plaintiff's one additional sentence asserting "failure to train" in his amended complaint is no more than a "threadbare" recital of the municipal liability claim. Thus, plaintiff has failed to adequately plead municipal liability, and the Village of Ellenville may be dismissed as a defendant.

V. ***Heck v. Humphrey***

A. **Legal Standards**

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v.*

---

that it was the "same" officers when he professes not to know the names of any of the officers except defendant Langlois.

*Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

    **B.**    **Application**

In my prior recommendation, I specifically cited *Heck* and stated that in order to proceed with both his Fifth and Sixth Amendment claims, plaintiff would have to allege that his criminal conviction had been reversed in the ways enumerated above. (Dkt. No. 6 at 7-8). Plaintiff now alleges that as a result of the defendants' failure to explain that plaintiff had the right to remain silent and the right to counsel, plaintiff made "certain statements at the station," that his lawyer later determined "hurt" plaintiff's case.[9] (AC at 2). If this court were to find in plaintiff's favor, and his statements were used against him, it would necessarily invalidate his criminal conviction. Because plaintiff has again failed to allege that the conviction was reversed, the court must recommend dismissing plaintiff's Fifth and Sixth Amendment causes of action, barring plaintiff's assertion that his conviction was reversed as stated in *Heck*.

    **WHEREFORE**, based on the findings above, it is

    **ORDERED**, that the amended complaint (Dkt. No. 9) is accepted for filing, and it is

    **RECOMMENDED**, that the amended complaint be **DISMISSED IN ITS**

---

[9] Plaintiff originally claimed that the failure to explain his rights to him "affected" his case. (Compl., Dkt. No. 1 at 3).

**ENTIRETY** as against the **VILLAGE OF ELLENVILLE**, and it is

**RECOMMENDED**, that plaintiff's **FIFTH and SIXTH AMENDMENT** claims be **DISMISSED WITHOUT PREJUDICE**, based on *Heck v. Humphrey* as stated above, and it is

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copies of the complaint, to the United States Marshal for service upon **DONALD LANGLOIS**, and it is

**ORDERED** that a response to plaintiff's complaint be filed by the named defendant or his counsel as provided for in the Federal Rules of Civil Procedure; and it is

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**   Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is

**ORDERED** that the Clerk shall update plaintiff's address for the Docket and serve a copy of this Order and Report-Recommendation on plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: October 23, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge