UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY DEAN BEST,

                              Plaintiff,

                                                  No. 1:14-CV-968
      -v-                                          (DNH/ATB)

VILLAGE OF ELLENVILLE; OFFICER DONALD
LANGLOIS; and JOHN DOE OFFICERS, to be
named during discovery,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

TIMOTHY DEAN BEST
Plaintiff pro se
98 Brookwood Drive
Apartment O
Greenville, NC 27858

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Plaintiff pro se Timothy Dean Best commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under the United States Constitution. On October 20, 2014, plaintiff submitted a proposed amended complaint to the Honorable Andrew T. Baxter, United States Magistrate Judge for review pursuant to 28 U.S.C. § 1915.

     In an Order and Report-Recommendation dated October 23, 2014, Magistrate Judge Baxter recommended that the amended complaint be dismissed in its entirety as against the Village of Ellenville and that plaintiff's Fifth and Sixth Amendment claims be dismissed without prejudice based on Heck v. Humphrey, 512 U.S. 477 (1994). Currently pending for

consideration is Magistrate Judge Baxter's Order and Report-Recommendation and plaintiff's objections thereto.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. See 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the magistrate judge's recommendations to which a party objects. See Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). "If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." Layou v. Crews, 2013 WL 5494062, at *1 (N.D.N.Y. Sept. 30, 2013) (Kahn, J.) (citing Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011)). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In his Order and Report-Recommendation, Magistrate Judge Baxter recommended dismissing the amended complaint as against the Village of Ellenville for failure to satisfy the pleading standard for municipal liability set forth by Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 659 (1978). Plaintiff's objection to Magistrate Judge Baxter's discussion of municipal liability does little to address the defect identified; i.e., plaintiff made the conclusory statement that "[t]he Village of Ellenville failed to properly train their employee to protect and serve the public and private sect [sic]" and included no factual support. See Am. Compl. at 3. However, Magistrate Judge Baxter's recommendation to dismiss the amended complaint as against this defendant will be rejected nonetheless. There is case law to the contrary and plaintiff, as a pro se litigant, must be afforded special

-2-

solitude particularly at this early juncture.

A claim against a municipality must allege that the constitutional violation was caused by a custom or policy of the municipality. Monell, 436 U.S. at 694. There will be liability when a particular custom or practice was "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Id. Additionally, "failure to provide proper training may fairly be said to represent a policy for which the [municipality] is responsible, and for which the [municipality] may be held liable if it actually causes injury." Canton v. Harris, 489 U.S. 378, 390 (1989). To prevail on a claim based on a failure to train, a plaintiff must demonstrate that the inadequate training amounted to deliberate indifference to plaintiff's constitutional rights. Id. at 379. Finally, the parties are familiar with the standard of review for sua sponte dismissal of claims brought by pro se plaintiffs who are proceeding in forma pauperis, and the standard will not be repeated here. That standard is laid out in detail in Magistrate Judge Baxter's August 6, 2014, Order and Report-Recommendation, adopted by the undersigned in a Decision and Order dated September 3, 2014.

In his amended complaint, plaintiff alleges that defendant Officer Donald Langlois admitted using force and a chemical agent, while failing to mention that plaintiff was already handcuffed at the time. He then asserts that "[t]he Village of Ellenville failed to properly train their employee to protect and serve the public and private sect [sic]." Am. Compl. at 3. It is true that plaintiff has identified neither a specific municipal policy or custom of violating constitutional rights nor specific facts regarding the municipality's policymakers' failure to properly train their subordinates to prevent such violations. In his objection, plaintiff states that

-3-

> In fact, the Village of Ellenville Police Department is so poorly trained, that the County of Ulster Sheriff Department is taking over the entire Department. There has been so many complaint [sic], the Ulster County Sheriff Department have [sic] to step in every now and then. . . . Donald Langlois and the other two Officers have since been fired, from the force, and if, they were properly trained, such things will not happen.

However, these factual allegations are not asserted in plaintiff's amended complaint and the undersigned declines to exercise discretion to construe the amended complaint as effectively amended by these late allegations.

The Supreme Court has made clear that there is no heightened pleading standard for Monell claims. Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993) (holding that no heightened pleading standard apart from the requirements of Fed. R. Civ. P. 8 may be applied to Monell claims). However, a plaintiff must still state a plausible claim of municipal liability under the standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Given plaintiff's excessive force allegations against the individual named defendant and the John Doe defendants, plaintiff has stated a facially plausible Monell claim against the Village of Ellenville. As pointed out by other courts in this District, "it is hard to fathom how a plaintiff could provide more detail at the pleading stage regarding a Monell claim based on failure to train." Kimbrough v. Town of Dewitt Police Dep't, No. 08–CV–03, 2010 WL 3724017, at *6 (N.D.N.Y. Sept. 15, 2010) (Sharpe, J.) (quotations omitted) (adopting in full Report-Recommendation of Treece, M.J.) (recommending denial of motion to dismiss where plaintiff merely alleged a failure to train by the municipality); see also Devarnne v. City of Schenectady, No. 10–CV–1037, 2011 WL 219722, at *3 (N.D.N.Y. Jan. 21, 2011) (McAvoy, S.J.) (summarily denying motion to dismiss Monell claims even though plaintiff alleged no facts relating to a municipal custom or policy,

holding that "[i]t [could] reasonably and plausibly be inferred from the nature of the alleged constitutional violations that Plaintiff's injuries were caused by a municipal custom or policy (including the failure to adequately train or deliberate indifference to constitutional rights)"). The lone allegation in the amended complaint regarding the Village of Ellenville's failure to train is sufficient at this stage.

Having reviewed the remainder of Magistrate Judge Baxter's Order and Report-Recommendation, he properly recommended dismissal of plaintiff's Fifth and Sixth Amendment claims pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, the Order and Report-Recommendation will be rejected in part and adopted in part. That portion of the Order and Report-Recommendation recommending dismissal of plaintiff's amended complaint against the Village of Ellenville will be rejected and that claim will be permitted to go forward. In so ruling, no opinion is expressed as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment. The remainder of the Report-Recommendation will be adopted.

Therefore, it is

ORDERED that

1. Magistrate Judge Baxter's October 23, 2014 Order and Report-Recommendation is ADOPTED in part and REJECTED in part as set forth above;

2. The Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon the Village of Ellenville;

3. A response to the 42 U.S.C. § 1983 claim in plaintiff's amended complaint be filed by the Village of Ellenville or its counsel as provided for in the Federal Rules of Civil Procedure;

4. The Clerk is directed to serve a copy of the October 23, 2014 Order and Report-Recommendation and a copy of this Decision and Order upon defendant Village of Ellenville and defendant Officer Donald Langlois; and

5. The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 14, 2014
Utica, New York.